[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-13351
Non-Argument Calendar

_____

D.C. Docket No. 4:14-cr-00015-RH-CAS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANGEL SANTIAGO,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(January 5, 2015)

Before WILLIAM PRYOR, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Angel Santiago, a former correctional officer, appeals his sentence for

sexually abusing a female ward of a federal prison. 18 U.S.C. § 2243(b). Santiago

argues that the district court violated his right to substantive due process when it ordered him to register as a sex offender in compliance with the Sex Offender Registration and Notification Act as a special condition of his supervised release. Santiago argues that the mandatory registration requirement of the Act is unconstitutional as applied to him whether the statute is subject to intermediate scrutiny or rational basis review. We affirm.

We review the application of the Act to Santiago under the rational basis standard. Santiago argues that greater scrutiny is warranted because the registration requirement affects his prospects for housing, employment, and volunteer work, but we rejected a similar "broad framing of rights" by the defendant in *Doe v. Moore*, 410 F.3d 1337, 1343 (11th Cir. 2005). Santiago instead asserts a right to refuse to register and to prevent publication of his sex offender status. *Id.* at 1344; *United States v. Ambert*, 561 F.3d 1202, 1209 (11th Cir. 2009). Because "a state's publication of truthful information that is already available to the public does not infringe the fundamental constitutional rights of liberty and privacy," we examine the statute under rational basis review. *Moore*, 410 F.3d at 1345.

The Act is constitutional as applied to Santiago. To survive review under the rational basis standard, the registration requirement has to be rationally related to a legitimate government interest. *Id.* The federal government has a legitimate interest in protecting its inmates from being sexually abused by their prison guards.

Santiago argues that his relationship with the inmate was consensual and loving, but the Act applies logically to "consensual sexual conduct" to thwart any person in "custodial authority" from exploiting his power over an inmate. 42 U.S.C. § 16911(5)(C). Santiago also argues that there is no evidence that he will recidivate, but whether a person subject to the registration requirement is "dangerous []or likely to be a repeat offender, is of no moment under [the Act], because the reporting requirements . . . turn on the . . . conviction alone." *Ambert*, 561 F.3d at 1208 (discussing *Connecticut Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 7–8, 123 S. Ct. 1160, 1164–65 (2003)). Santiago complains about the severe limitations created by the sex offender law in his state of residence, but we will not consider an argument that the district court refused to consider and that Santiago told the district court that he was "not challenging."

We **AFFIRM** Santiago's sentence.